**EAGLE ENERGY, INC., Elk Run Coal Company, Peerless Eagle Coal Company, and Rawl Sales & Processing, Co., Plaintiffs–Appellants,**

v.

**UNITED STATES, Defendant–Cross Appellant.**

**Nos. 2006–5067, 2006–5070.**

United States Court of Appeals, Federal Circuit.

June 25, 2008.

Steven H. Becker, Paul A. Horowitz, Suzanne Ina Offerman, Baker & McKenzie LLP, New York, NY, for Plaintiffs–Appellants.

Steven W. Parks, Robert C. Stoddart, Department of Justice, Washington, DC, for Defendant–Cross Appellant.

Before MICHEL, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

## ON MOTION

NEWMAN, Circuit Judge.

### ORDER

The United States moves without opposition to reverse the judgment of the United States Court of Federal Claims in *Eagle Energy, Inc. v. United States*, No. 97–cv–522 and remand with instructions to dismiss Eagle Energy, Inc. et al.'s tax refund claims with prejudice.

In *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. ——, 128 S.Ct. 1511, 1520, 170 L.Ed.2d 392 (2008), the Supreme Court of the United States held that the language of the Internal Revenue Code (IRC) requires taxpayers seeking a refund of taxes collected in violation of the Export Clause of the Constitution to timely file an administrative refund claim before bringing suit. Failure to timely file a refund claim in compliance with the IRC, according to the Supreme Court, bars taxpayers from filing a complaint in the Court of Federal Claims even if such complaint had been brought within the Tucker Act's six-year statute of limitation period. *Id.*

The taxpayers in this case are in the same position as the taxpayers in *Clintwood Elkhorn*. The taxpayers were assessed taxes on coal exports under 26 U.S.C. § 4121(a)(1). After § 4121(a)(1) was held unconstitutional as applied to coal exports, the taxpayers attempted to recover the amount that was unlawfully taxed plus interest. Although the taxpayers had failed to file timely administrative refund claims in compliance with the IRC, the Court of Federal Claims held that it had jurisdiction over the complaints under the Tucker Act. The court awarded the taxpayers the amounts unlawfully assessed under the Export Clause but determined that the taxpayers were not entitled to interest.

Because the Court of Federal Claims' determination that the taxpayers could bring a complaint under the Tucker Act is incorrect under *Clintwood Elkhorn*, we agree with the United States that the judgment below must be reversed. We further agree with the United States that remand is required for the court to revise its judgment in accordance with *Clintwood Elkhorn*.

Accordingly,

IT IS ORDERED THAT:

(1) The stay of proceedings is lifted.

(2) The motion is granted. The judgment of the Court of Federal Claims is reversed. The case is remanded for the court to revise its judgment accordingly.

(3) Each side shall bear its own costs.