711 S.E.2d 577

**Linda BARR, Plaintiff**

v.

**NCB MANAGEMENT SERVICES, INC., and HSBC Bank Nevada, N.A., Defendants.**

No. 35709.

Supreme Court of Appeals of West Virginia.

Submitted April 12, 2011.

Decided June 14, 2011.

Aaron C. Amore, Kratovil & Amore, PLLC, Charles Town, WV, Anthony J. Majestro, Powell Majestro, PLLC, Charleston, WV, John W. Barrett, Jonathan R. Marshall, Bailey & Glasser LLP, Charleston, WV, for Plaintiff.

Darrell V. McGraw, Jr., Attorney General, Jill L. Miles, Deputy Attorney General, Charleston, WV, for Amicus Curiae, The West Virginia Attorney General.

Bren J. Pomponio, Charleston, WV, for Amicus Curiae, Mountain State Justice, Inc.

Bryan C. Shartle, Pro Hac Vice, Sessions, Fishman, Nathan & Israel, L.L.C., Metairie, LA, Macel E. Rhodes, Zimmer Kunz, PLLC, Morgantown, WV, Sharon Z. Hall, Zimmer Kunz, PLLC, Pittsburgh, PA, Patrick J. McDermott, McDermott & Bonenberger, PLLC, Wheeling, WV, for Defendant, NCB Management Services, Inc.

Brett J. Preston, C. Benjamin Salango, Preston & Salango, P.L.L.C., L. Lee Javins, II, Bucci, Bailey & Javins, L.C., Charleston, WV, for Amici Curiae, AARP, National Association of Consumer Advocates, and National Consumer Law Center.

DAVIS, Justice:

The United States District Court for the Northern District of West Virginia presents this Court with a certified question asking whether the West Virginia Consumer Credit and Protection Act (hereinafter referred to as either "the WVCCPA" or "the Act"), W. Va.Code § 46A–1–101 et seq., provides a consumer with a private cause of action against a professional debt collector who has violated the Act. We find that the Act does provide a consumer with such a cause of action. Accordingly, we answer the certified question in the affirmative.

## I.

### FACTUAL AND PROCEDURAL HISTORY

According to the briefs presented to this Court, on June 6, 2008, Linda Barr, the plaintiff (hereinafter referred to as "Ms. Barr"), purchased a 2007 Suzuki motorcycle for nine thousand dollars. She financed the purchase through a loan she obtained from HSBC Bank Nevada, N.A. (hereinafter referred to as "HSBC Bank"),[1] one of the defendants in this action. Ms. Barr purchased the motorcycle for her son with the understanding that he would make payments to her, and she would, in turn, make the loan payments to HSBC Bank.

In 2009, Ms. Barr became delinquent in her payments to HSBC Bank, and HSBC

Bank repossessed the motorcycle. Based on its determination that Ms. Barr owed a deficiency balance on the motorcycle loan, HSBC Bank hired NCB Management Services, Inc. (hereinafter referred to as "NCB Management"), a professional debt collector who is the remaining defendant in this action. Ms. Barr alleges that, in February 2010, NCB Management began aggressively attempting to collect the deficiency balance she allegedly owed on the motorcycle loan in a manner that violated the WVCCPA. According to Ms. Barr, NCB Management misrepresented facts to her, made incorrect legal representations about her eligibility to file for bankruptcy protection, communicated directly with third-party family members who were not liable on the account against her express instructions to not contact said family members, improperly accessed and used information from Ms. Barr's and her husband's credit report, and badgered her to use her husband's credit card to pay off the alleged deficiency balance.

On June 14, 2010, Ms. Barr filed a complaint against HSBC Bank and NCB Management in the United States District Court for the Northern District of West Virginia. In this suit, Ms. Barr alleged violations of the WVCCPA and asserted various common law claims that are not at issue in this certified question action. On August 6, 2010, NCB filed an answer and a motion to dismiss claiming that a consumer such as Ms. Barr has no private cause of action against a professional debt collector under the WVCCPA. Ms. Barr opposed the motion. Finding the WVCCPA to be ambiguous on this issue, the district court certified the following question to this Court for resolution:

Whether a consumer has a private cause of action against a non-creditor debt collector pursuant to the West Virginia Consumer Credit and Protection Act, W. Va.Code § 46A–2–122 [sic] et seq.

By order entered October 27, 2010, this Court accepted the certified question. Having considered the parties' briefs, the briefs

1. Although HSBC Bank is a defendant in the underlying proceedings, it has not participated in this certified question action.

of various Amici Curiae,[2] the pertinent authorities, and the oral arguments presented, we now answer the certified question, as reformulated, in the affirmative.

## II.

## STANDARD OF REVIEW

■ Insofar as the instant case is before this Court upon certified question from the United States District Court for the Northern District of West Virginia, presenting a legal issue for resolution, our consideration is plenary. "This Court undertakes plenary review of legal issues presented by certified question from a federal district or appellate court." Syl. pt. 1, *Bower v. Westinghouse Elec. Corp.*, 206 W.Va. 133, 522 S.E.2d 424 (1999). *See also* Syl. pt. 2, *Aikens v. Debow,* 208 W.Va. 486, 541 S.E.2d 576 (2000) (" 'A de novo standard is applied by this [C]ourt in addressing the legal issues presented by a certified question from a federal district or appellate court.' Syl. Pt. 1, *Light v. Allstate Ins. Co.,* 203 W.Va. 27, 506 S.E.2d 64 (1998)."). *Cf.* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review."). With the foregoing standard in mind, we now will address the issue raised in the certified question.

## III.

## DISCUSSION

■ Before endeavoring to answer the certified question presented by the United States District Court, we exercise our authority to reformulate the question so that we may fully and clearly address the legal issue presented therein:

When a certified question is not framed so that this Court is able to fully address the law which is involved in the question,

then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of Questions of Law Act found in *W. Va.Code,* 51–1A–1 *et seq.* and *W. Va.Code,* 58–5–2 [ (1998) (Repl. Vol.2005) ], the statute relating to certified questions from a circuit court of this State to this Court.

Syl. pt. 3, *Kincaid v. Mangum,* 189 W.Va. 404, 432 S.E.2d 74 (1993). *See also* W. Va. Code § 51–1A–4 (1996) (Repl.Vol.2008) ("The Supreme Court of Appeals of West Virginia may reformulate a question certified to it."). We reformulate the question as follows:

Does W. Va.Code § 46A–5–101(1) (1996) (Repl.Vol.2006) allow a consumer to assert a private cause of action against a professional debt collector who has engaged in debt collection practices that are prohibited by the West Virginia Consumer Credit and Protection Act, W. Va.Code § 46A–1–101 *et seq.?*

Answering this reformulated certified question requires us to analyze W. Va.Code § 46A–5–101(1), which states in relevant part:

If a *creditor* has violated the provisions of this chapter applying to ... any prohibited debt collection practice, ... the consumer has a cause of action to recover actual damages and in addition a right in an action to recover from *the person* violating this chapter a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars....

(Emphasis added).

Following a brief recitation of the arguments presented to this Court by the parties to this case, we will proceed with our analysis of the relevant statute and answer the question herein certified.

Ms. Barr argues that the WVCCPA regulates the conduct of, and provides a cause of action against, *all* debt collectors, regardless of whether they are collecting their own

---

**2.** Three Amicus Curiae briefs have been filed in support of Ms. Barr: one by the West Virginia Attorney General; a second by Mountain State Justice, Inc.; and a third filed jointly by AARP, the National Association of Consumer Advocates, and the National Consumer Law Center. We

express our appreciation for the participation of these various Amici Curiae, and, as noted above, we have considered their briefs in conjunction with the parties' arguments in determining the outcome of this case.

debts or debts initially originated by others. In support of her argument, she first contends that the plain language of W. Va.Code § 46A–5–101(1), which refers to a "person" in addition to a "creditor," demonstrates that the WVCCPA provides a private right of action against all professional debt collectors. Ms. Barr further notes that the term "creditor" is not defined in the WVCCPA. She contends that the commonly accepted meaning of the term "creditor" is basically "one to whom a debt is owed." [3] Because her debt would now be paid to NCB Management, Ms. Barr submits that NCB Management meets this definition. Ms. Barr also points out that it is a common practice for professional debt-collection companies such as NCB Management to purchase all or part of a debt it is collecting, meaning that all or a portion of any money collected would go directly to the debt collector.

In addition, Ms. Barr argues that, if the WVCCPA is construed in a manner that would not allow consumers to sue debt collectors, consumers would be denied a means of enforcing the WVCCPA. She notes that this Court has already found the WVCCPA applies to debt collectors. *See* Syl. pt. 3, *Thomas v. Firestone Tire & Rubber Co.*, 164 W.Va. 763, 266 S.E.2d 905 (1980). Ms. Barr additionally submits that the historical background of the WVCCPA establishes that the

West Virginia Legislature intended to provide a private right of action for consumer claims of collection abuse against creditors and professional debt collectors alike. Finally, Ms. Barr asserts that interpreting W. Va.Code § 46A–5–101(1) as providing a private right of action for consumer claims of collection abuse against creditors and professional debt collectors is necessary to avoid an absurd result.

NCB Management argues that the plain language of W. Va.Code § 46A–5–101(1) applies only to creditors and is triggered only if a creditor has violated the WVCCPA. NCB Management argues that debt collectors such as itself are not creditors. NCB Management cites several cases wherein this Court, tracking the language of W. Va.Code § 46A–5–101(1), has stated that this code section imposes civil liability on *creditors*.[4] NCB Management additionally contends that a review of other subsections of the WVCCPA confirms that the remedy provisions apply only to creditors. For example, W. Va.Code §§ 46A–5–101(7) & (8) provide defenses that are available only to creditors.[5]

■■■■ Turning now to our analysis of W. Va.Code § 46A–5–101(1), we note that, while we agree that the statute is vague, we disagree with Ms. Barr's position that this vagueness arises because the statute begins with a reference to a "creditor" in identifying

---

**3.** Ms. Barr's sources for this definition are *Merriam Webster Online*, http://merriam-webster.com/dictionary/creditor (last visited Oct. 15, 2010), and *Black's Law Dictionary* 304 (7th ed.2000).

**4.** *Harper v. Jackson Hewitt, Inc.*, 227 W.Va. 142, 706 S.E.2d 63 (2010); *State ex rel. Dunlap v. Berger*, 211 W.Va. 549, 556, 567 S.E.2d 265, 272 (2002); Syl. pt. 1, *Orlando v. Finance One of West Virginia, Inc.*, 179 W.Va. 447, 369 S.E.2d 882 (1988); Syl. pt. 3, *Arnold v. United Cos. Lending Corp.*, 204 W.Va. 229, 511 S.E.2d 854 (1998). While the cases cited by NCB Management acknowledge that W. Va.Code § 46A–5–101(1) provides a cause of action against creditors, none of these cases limits its application solely to creditors. In fact, relying on a portion of W. Va.Code § 46A–5–101(1) that is not relevant to our analysis in this case, the Court in *Harper v. Jackson Hewitt, Inc.*, indicated the opposite by commenting that "we cannot agree with Jackson Hewitt that the statute is only intended to apply to 'creditors.'" 227 W.Va. at 153, 706 S.E.2d at 74.

**5.** W. Va.Code §§ 46A–5–101(7) & (8) state:

(7) A *creditor* has no liability for a penalty under subsection (1) or subsection (4) of this section if within fifteen days after discovering an error, and prior to the institution of an action under this section or the receipt of written notice of the error, the *creditor* notifies the person concerned of the error and corrects the error. If the violation consists of a prohibited agreement, giving the consumer a corrected copy of the writing containing the error is sufficient notification and correction. If the violation consists of an excess charge, correction shall be made by an adjustment or refund.

(8) If the *creditor* establishes by a preponderance of evidence that a violation is unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, no liability is imposed under subsections (1), (2) and (4) of this section, and the validity of the transaction is not affected. (Emphasis added).

the alleged violator of the provisions of the chapter, and then later uses the term "person" to identify the party from whom a consumer may recover damages and a penalty through a cause of action. Insofar as the statute begins by referring to "a creditor" who has violated the act, we find the later use of the term "the person" plainly refers to the earlier-identified creditor who has violated the act.[6] This conclusion is supported by the statutory construction principle *noscitur a sociis:*

> It is a fundamental rule of construction that, in accordance with the maxim *noscitur a sociis,* the meaning of a word or phrase may be ascertained by reference to the meaning of other words or phrases with which it is associated. Language, although apparently general, may be limited in its operation or effect where it may be gathered from the intent and purpose of the statute that it was designed to apply only to certain persons or things, or was to operate only under certain conditions.

Syl. pt. 4, *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975).

We conclude, instead, that the statute is vague due to the failure of the WVCCPA to define the term "creditor." This Court has not previously endeavored to define the term "creditor" for purposes of W. Va.Code § 46A–5–101(1). Thus, to determine whether a consumer may bring a cause of action against a professional debt collector for violating the WVCCPA, we must decide whether a professional debt collector is included in the meaning of the term "creditor" as that term is used in the Act. We find that it is.

 In addressing this issue, we are mindful that "[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew,* 186 W.Va. 693,

414 S.E.2d 454 (1992). Importantly, "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975). *See also* Syl. pt. 1, *Ohio Cnty. Comm'n v. Manchin,* 171 W.Va. 552, 301 S.E.2d 183 (1983) ("Judicial interpretation of a statute is warranted only if the statute is ambiguous and the initial step in such interpretative inquiry is to ascertain the legislative intent.").

 Generally, "[i]n the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used." Syl. pt. 1, *Miners in Gen. Group v. Hix,* 123 W.Va. 637, 17 S.E.2d 810 (1941), *overruled on other grounds by Lee–Norse Co. v. Rutledge,* 170 W.Va. 162, 291 S.E.2d 477 (1982). However,

> "[i]t is the duty of a court to construe a statute according to its true intent, and give to it such construction as will uphold the law and further justice. It is as well the duty of a court to disregard a construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity." Syllabus Point 2, *Click v. Click,* 98 W.Va. 419, 127 S.E. 194 (1925).

Syl. pt. 2, *Conseco Fin. Servicing Corp. v. Myers,* 211 W.Va. 631, 567 S.E.2d 641 (2002). Although the literal definition of the term "creditor" would be "[o]ne to whom a debt is owed; one who gives credit for money or goods," *Black's Law Dictionary* 375 (7th ed.1999),[7] we do not believe that such a liter-

---

**6.** Notably, the term "person" is defined by the WVCCPA as including "a natural person or an individual, *and an organization."* W. Va.Code § 46A–1–102(31) (1996) (Repl.Vol.2006) (emphasis added). Obviously, then, a "person," as that term is used in W. Va.Code § 46A–5–101(1), includes any organization that fits within the definition of the term "creditor."

**7.** *See also Grubb v. Jos. A. Bank Clothiers, Inc.,* Civ. A. No. 2:05–0056, 2005 WL 1378721, at *6 (S.D.W.Va. June 2, 2005) ("A creditor as defined

in [W. Va.Code] § 46A–5–101 is ... limited to a person who allows a consumer to defer payment of an existing debt or allows a consumer to purchase or lease goods or services and defer repayment."). Although the *Grubb* court has provided a definition of the term "creditor" in connection with W. Va.Code § 46A–5–101, this Court is not bound to adopt that definition. "While federal court opinions applying West Virginia law are often viewed persuasively, we are not bound by those opinions." *State ex rel. John-*

al interpretation of the term is in accord with the legislative intent behind the WVCCPA. In this regard, this Court has previously explained that

> [t]he purpose of the CCPA is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action. As suggested by the court in *State v. Custom Pools*, 150 Vt. 533, 536, 556 A.2d 72, 74 (1988), "[i]t must be our primary objective to give meaning and effect to this legislative purpose." Where an act is clearly remedial in nature, we must construe the statute liberally so as to furnish and accomplish all the purposes intended. *Kisamore v. Coakley*, 190 W.Va. 147, 437 S.E.2d 585 (1993) (per curiam); *Hubbard v. SWCC and Pageton Coal Co.*, 170 W.Va. 572, 295 S.E.2d 659 (1981); *Wheeling Dollar Savings & Trust Co. v. Singer*, 162 W.Va. 502, 250 S.E.2d 369 (1979).

*State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 777, 461 S.E.2d 516, 523 (1995). *See also Harper v. Jackson Hewitt, Inc.*, 227 W.Va. 142, 151, 706 S.E.2d 63, 72 (2010) ("This Court has recognized that the CCPA is a remedial statute intended to protect consumers from unfair, illegal and deceptive business practices, and must be liberally construed to accomplish that purpose.... It is a comprehensive attempt on the part of the West Virginia Legislature to extend protection to consumers and persons who obtain credit in state." (internal citations omitted)); *Dunlap v. Friedman's, Inc.*, 213 W.Va. 394, 399, 582 S.E.2d 841, 846 (2003) (repeating portion of language quoted above from *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*).

In keeping with the remedial purposes of the WVCCPA, and the liberal construction we have historically afforded this Act, we believe that the Legislature intended W. Va. Code § 46A–5–101(1) to allow a consumer to assert a private cause of action against a professional debt collector who has engaged in debt collection practices that are prohibited by the West Virginia Consumer Credit and Protection Act, W. Va.Code § 46A–1–101 *et seq.*

Our conclusion is further corroborated by the fact that this Court has previously held that the provisions of Article 2 of the WVCCPA, which regulate improper debt collection practices, apply to professional debt collectors. *See* Syl. pt. 3, *Thomas v. Firestone Tire & Rubber Co.*, 164 W.Va. 763, 266 S.E.2d 905 (1980) ("The plain meaning of W. Va.Code § 46A–2–122 requires that the provisions of article 2 of Chapter 46A regulating improper debt collection practices in consumer credit sales must be applied alike to all who engage in debt collection, be they professional debt collectors or creditors collecting their own debts.").

It logically follows that, insofar as the Legislature intended for Article 2 to apply to professional debt collectors, the Legislature likewise intended to allow consumers to utilize the remedy provisions of Article 5 to seek redress from professional debt collectors for their violations of Article 2. Otherwise, consumers would be without a private cause of action against unscrupulous professional debt collectors who willfully violate the debt collection provisions of the Act.[8] Such a result would not further the remedial objectives of the Act, would be unjust, and would, therefore, violate this Court's "duty to avoid whenever possible [an application] of a statute which leads to absurd, inconsistent, unjust or unreasonable results." *Peters v. Rivers Edge Min., Inc.*, 224 W.Va. 160, 176, 680 S.E.2d 791, 807 (2009) (internal quotations and citation omitted).

Finally, we note that the United States District Court for the Southern District of West Virginia recently addressed the meaning of the term "creditor" as used in W. Va.Code § 46A–5–101(1), and, recognizing West Virginia precedent establishing the remedial nature of the Act, gave a liberal inter-

---

son & Johnson Corp. v. Karl, 220 W.Va. 463, 477 n. 18, 647 S.E.2d 899, 913 n. 18 (2007).

**8.** We do note, however, that the West Virginia Attorney General is authorized to "bring a civil

action against a creditor or other person to recover a civil penalty for willfully violating" the Act. W. Va.Code § 46A–7–111 (1999) (Repl.Vol. 2006).

pretation to the term. *See Watkins v. Wells Fargo Bank*, Civ. A. No. 3:10–1004, 2011 WL 777895 (S.D.W.Va. Feb.28, 2011). Although the *Watkins* Court first defined the term "creditor" as "someone who extends credit, as defined under the WVCCPA, to a consumer," the court declined to apply the definition in a literal manner. *Id.* 2011 WL 777895, at *9. Indeed, the *Watkins* Court noted that, utilizing "a literal interpretation of the statutory language," the defendant, Wells Fargo Bank, was no longer a creditor of the plaintiff as the loan in question had been voided. *Id.* However, the court went on to conclude that Wells Fargo Bank was a creditor subject to a private cause of action under the Act. In this regard, the *Watkins* Court reasoned that

> the West Virginia Supreme Court of Appeals has found that the WVCCPA is to be construed broadly so as to protect "consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.* [194 W.Va. 770, 777], 461 S.E.2d 516, 523 (W.Va.1995) (citations omitted). Defendant's alleged misrepresentation regarding the voided loan arose out of a previously existing creditor relationship. In fact, Defendant acted as a creditor when it sent collection letters to Plaintiff. As Plaintiff's claim arises out [sic] this relationship, *it would be an unjust result for Defendant to escape liability merely because Plaintiff was successful in getting the loan voided in Watkins I. To refuse Plaintiff the avenue of relief provided under § 46A–5–101(1) would run contrary to the purpose of the WVCCPA.* The Court therefore finds Plaintiff has satisfied the requirements under § 46A–5–101(1).

*Id.* (footnote omitted) (emphasis added).

Although we are not bound to follow a federal court's interpretation of a West Virginia statute,[9] in this instance we agree with the *Watkins* Court's liberal application of the term "creditor" in a manner that supports the Legislature's broad intent of protecting "consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. at 777, 461 S.E.2d at 523.

Applying W. Va.Code § 46A–5–101(1) broadly and liberally to the certified question presented in this case, we find that a professional debt collector qualifies as a creditor. There are basically two methods by which a professional debt collector becomes authorized to proceed with debt collection efforts against a consumer: either (1) the professional debt collector is hired by a creditor to perform debt-collection services on the creditor's behalf; or (2) the professional debt collector purchases the debt and then proceeds to collect the debt that it now owns. Under the first method, where the professional debt collector is hired by a creditor to perform debt-collection services, the professional debt collector becomes an agent of the creditor. *See* Syl. pt. 3, in part, *Thomson v. McGinnis*, 195 W.Va. 465, 465 S.E.2d 922 (1995) ("An agent in the restricted and proper sense is a representative of his principal in business or contractual relations with third persons ....." (quotations and citations omitted)). Under this scenario, if the agent acts illegally in collecting a debt, *i.e.* violates the WVCCPA, then the agent remains liable to the consumer for the misconduct. *Cf.* 2A C.J.S. *Agency* § 351, at 618 (2003) ("Where money is knowingly and illegally demanded, and received by an agent from a third person by compulsion or otherwise, the agent cannot exonerate himself or herself from personal responsibility by paying it over to the principal."). Under the second method, where the professional debt collector purchases the debt and then proceeds to collect the debt it now owns, the professional debt collector has stepped into the shoes of the creditor. In other words, the debt collector has become

---

9. "While federal court opinions applying West Virginia law are often viewed persuasively, we are not bound by those opinions." *State ex rel.*

*Johnson & Johnson Corp. v. Karl*, 220 W.Va. 463, 477 n. 18, 647 S.E.2d 899, 913 n. 18.

the creditor insofar as the debt is now owed to the debt collector. Thus, in this circumstance, the debt collector would be liable under the literal definition of creditor, that being "one to whom a debt is owed." *Black's Law Dictionary* 375.[10]

Accordingly, we answer the reformulated certified question in the affirmative and hold that W. Va.Code § 46A–5–101(1) (1996) (Repl.Vol.2006) allows a consumer to assert a private cause of action against a professional debt collector who has engaged in debt collection practices that are prohibited by the West Virginia Consumer Credit and Protection Act, W. Va.Code § 46A–1–101 *et seq.*[11]

## IV.

## CONCLUSION

In conclusion, for the reasons explained in the body of this opinion, we answer the question certified by the United States District Court for the Northern District of West Virginia in the affirmative: W. Va.Code § 46A–5–101(1) allows a consumer to assert a private cause of action against a professional debt collector who has engaged in debt collection practices that are prohibited by the West Virginia Consumer Credit and Protection Act, W. Va.Code § 46A–1–101 *et seq.*

Certified Question Answered.

---

10. Because we find that a professional debt collector fits within the definition of a creditor for purposes of W. Va.Code § 46A–5–101(1), we note that defenses provided to creditors by the WVCCPA would likewise be available to professional debt collectors. *See, e.g.,* W. Va.Code §§ 46A–5–101(7) & (8). For the text of these two provisions, see note 5, *supra.*

11. We note that the scope of the certified question presented in this case does not call upon this Court to decide whether NCB Management has violated the WVCCPA. *See, e.g., Thomas v. Firestone Tire & Rubber Co.,* 164 W.Va. 763, 766, 266 S.E.2d 905, 907 (1980) ("It is also important to note that we are not called upon to decide whether the activities of the defendant in this case did in fact constitute a violation of the Consumer Credit Protection Act.").