419 S.E.2d 308

**Arthur D. CLARK, Executor of the Estate of William Walter Clark, Deceased, Plaintiff Below, Appellant,**

**v.**

**Carolyn STUDENWALT, Pauline Shackleford, Laura Jean Bush, Sharon Linger, Shirley Loretta Hershman, Jane Buchanan, Betty Davis, Edwin R. Clark, Viola Jewell, Arthur D. Clark, Virginia Williams, Luttie Beachler, Bernice Cook, Darlene Bean, Robert Kelly, Jr., John Smith, Reta Clark and the unknown heirs of William Walter Clark, Deceased, Defendants Below, Appellees and Appellants.**

**No. 20475.**

Supreme Court of Appeals of West Virginia.

Submitted March 10, 1992.

Decided June 29, 1992.

Roy D. Law, Hunter, Law & Levine, Buckhannon, for Arthur D. Clark.

W.T. Weber, Weston, for appellants.

J. Michael Benninger, William L. Frame, Wilson, Frame & Metheny, Morgantown, for appellee Virginia Williams.

WORKMAN, Justice:

Appellants Viola Jewell and Arthur D. Clark appeal from an order of the Circuit Court of Lewis County which declared the holographic[1] instrument dated December 27, 1983, not to be the last will and testament of William Walter Clark ("Walter Clark") and further determined that Walter Clark died intestate. We reverse, finding that the writing at issue is a valid holographic will.

Walter Clark died on September 20, 1988, owning both real and personal property. A holographic writing purporting to be the last will and testament of Walter Clark, dated December 27, 1982, was offered for probate along with the affidavit of two attesting witnesses. Although Walter Clark did not sign the will in the presence of the witnesses, he declared the same to be his last will and testament in their presence when they attested the will on January 2, 1984. By order dated November 10, 1988, the Clerk of the Lewis County Commission probated the document dated December 27, 1983, as the last will and testament of Walter Clark.

On January 18, 1990, Arthur D. Clark, as executor of the will of Walter Clark, filed a civil action in the Circuit Court of Lewis County seeking interpretation of the will. In response to a motion and cross-motion for summary judgment, the circuit court, by order dated March 14, 1991, adjudged the holographic instrument dated December 27, 1983, purporting to be William Clark's last will and testament null and void for failure to satisfy the requirements of West Virginia Code § 41–1–3 (1982). Appellants challenge the circuit court's conclusion that the instrument in question is not a valid testamentary writing.

■ The statutory requirements for drafting a valid will are set forth in West Virginia Code § 41–1–3. That section provides:

> No will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature; and moreover, unless it be wholly in the handwriting of the testator, the signature shall be made or the will acknowledged by him in the presence of at least two competent witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator, and of each other, but no form of attestation shall be necessary.

The parties have stipulated that the instrument in question is in the handwriting of Walter Clark. The dispute at issue arose for the simple reason that the instrument offered for probate as Walter Clark's last testament does not bear his signature at the bottom of the document.

The document at issue begins with the heading "Will of Walter Clark" and bears the designation 12–27–83 to the right of its

---

**1.** A holographic will is a document that is "wholly in the handwriting of the testator," and, unlike non-holographic wills, does not require the attesting signatures of two witnesses to be valid. *See* W.Va.Code, § 41–1–3 (1982); *see generally In re Briggs' Estate,* 148 W.Va. 294, 134 S.E.2d 737 (1964).

heading. The initial sentence of the instrument begins "Be it remembered that I Walter Clark of Route 3[,] Box 100[,] Weston[,] W[.] Va[.] county Lewis being of sound mind and memory do hereby make, execute and declare last will and testament." The document closes by stating "Witnesses By names below (without Bond)" and immediately below this line designates two separate lines with the words "Signed" at the left hand margin. To the right of each line designated for signatures are the signatures of Gerald William and Carol S. Williams, both bearing a signatory date of January 2, 1984.

Although holographic wills are unquestionably valid in this State, the provisions of West Virginia Code § 41-1-3 require that a holographic instrument must be signed by the testator. The statute, however, does not address where the testator's signature must appear on the document. "The only express requirement with respect to the act of signing is that it be done in such manner as to make it manifest that the name is intended as a signature." *Black v. Maxwell*, 131 W.Va. 247, 255, 46 S.E.2d 804, 809 (1948) (citing *LaRue v. Lee*, 63 W.Va. 388, 60 S.E. 388 [1908]). Because there is no requirement that holographic wills be witnessed, appellants argue that the signatures of the two attesting witnesses provide the necessary evidence that Walter Clark intended the placement of his name, which appears twice at the beginning of the document, on such instrument as his signature.

This Court previously addressed the question of whether the placement of a testator's name in the first sentence of a holographic instrument fulfilled the signature requirement of West Virginia Code § 41-1-3. In *Black* the

> vital inquiry ... [was] whether the act of the writer of the instrument in inserting his name in the first line in the part generally designated as the caption or the exordium, and in not affixing his name at the end or the bottom or on the margin of the paper, satisfied the requirement of the statute that to be a will the written instrument must be signed by the testator in such manner as to

make it manifest that the name is intended as a signature.

131 W.Va. at 255, 46 S.E.2d at 809. We ruled that

> [t]he writing of his name by the maker of a holographic instrument in its first line is an equivocal act and, unless it affirmatively appears from the face of the instrument that the writing of his name at that place is intended as his signature, does not satisfy the statutory requirement that a valid will must be signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature.

*Id.*, 131 W.Va. at 247-48, 46 S.E.2d at 805, Syl.Pt. 2.

In reliance on *Black*, appellees contend that there is no internal evidence within the document in question which establishes that Walter Clark intended the instrument as his last will and testament. The importance of a signature on a will is its indication of final testamentary intent. When a document purporting to be testamentary in nature ends without a signature, the question of the instrument's completeness is immediately raised. The issue of finality surfaced in *Black* because the holographic instrument in question was a single sheet of paper, to which three separate documents were pasted, each bearing a separate date. The first writing bore the date of September 8, 1944, and concluded with the maker's signature. The second writing dated February 9, 1946, was prepared as a codicil to the earlier testament and likewise contained the maker's signature. But the third writing attached to the sheet, which was dated February 11, 1946, stood in stark contrast to the prior two writings as it closed without the signature of the maker. The first two writings were probated as the last will and testament of Mr. Maxwell but the third and most recent writing was determined invalid because there was "nothing to indicate, from the face of that instrument, that ... [Mr. Maxwell] wrote his name in the opening sentence for the purpose of finally adopting, ratifying or authenticating the contents of the paper

which follow his name." 131 W.Va. at 261, 46 S.E.2d at 812.

The Court in *Black* surmised as to the possible explanation for Mr. Maxwell's failure to sign the third writing:

The reason for his failure to sign his name at the end of the writing dated February 11, 1946, can not be ascertained or determined. It can rest only on mere speculation; but that there was some reason for his failure to complete the writing by affixing his signature to it is clear beyond question. He may have wished to change or revise and clarify some of the statements in the writing which may be difficult to interpret or understand, or to postpone its completion in its present form by later signing his name at the end. He may have failed to sign it through inadvertence. Whatever it was, something caused him to hesitate and to stop before its final completion. Whatever his reason, he failed to affix his signature at the end of the writing. *The evidence of his intent to use as his signature his name in the first line of the written instrument dated February 11, 1946, must appear from the instrument itself,....*

131 W.Va. at 260–61, 46 S.E.2d at 811 (emphasis supplied).

The case at bar is factually inapposite to *Black*. Because Walter Clark's purported will is a single instrument rather than a series of signed as well as unsigned writings, as was the case in *Black*, there is no evidence in this case that suggests that Walter Clark forgot to sign the instrument at its closing. Additionally, there are "no blanks or anything that would indicate that it was not ... [his] last will and testament." *Hall v. Brigstocke*, 190 Va. 459, 466, 58 S.E.2d 529, 533 (1950) (holographic will was valid although name of testatrix appeared at top of document because language of document provided necessary evidence of testamentary intent). It seems clear that Walter Clark, as appellants contend, viewed his placement of his signature in the exordium as sufficient to constitute an indication that he intended the document as his last will and testament. In fact the document does begin, "Be it remembered that I Walter Clark ... do hereby make, execute and declare last will & testament."

In further contrast to the instrument in *Black*, the Walter Clark document does not present any glaring evidence of incompleteness. Immediately following the last sentence of the instrument wherein Walter Clark appointed Arthur D. Clark as his executor he designated two specific places for attesting signatures. Furthermore, the document directed the disposition of all of the testator's property. We find the fact that Walter Clark intended to have his will witnessed, which is evident from the document's preparation and the fact that he ultimately, albeit not on the day he executed the instrument, obtained the signatures of two attesting witnesses to be the type of evidence required by *Black* as proof of the maker's testamentary intent.

Appellees argue that the affidavits of the attesting witnesses which were considered when the instrument was being probated constitute extrinsic evidence which is not admissible under *Black* to prove testamentary intent. On this point we agree. But it is not necessary to look to the affidavits. We view the testator's act of securing the two attesting witnesses, although unnecessary for a purely holographic will, as the type of affirmative evidence which demonstrates that Walter Clark did in fact intend the December 27, 1983, instrument to be his last will and testament. Accordingly, the procurement by the testator of attesting witnesses for a holographic instrument fulfills the requirement established in *Black* that a holographic will which does not bear a signature at its closing but does include the maker's name in its opening line must provide some internal evidence that the maker intended the writing of his name, wherever its placement, as his signature.

Based on the foregoing opinion, we hereby reverse the decision of the Circuit Court of Lewis County.

Reversed.