IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2013 Term

**FILED**

**September 12, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 12-0365

DOUGLAS BROWN, MARION ROBINSON,
MASON COUNTY FARM MUSEUM,
MASON COUNTY BOARD OF EDUCATION,
HENDERSON CHURCH OF CHRIST,
BOB RIMMEY, HEATHER HUTCHINSON,
and KAYLA NAVE,
Petitioners

v.

ROBERT D. FLUHARTY, in his fiduciary capacity
as Executor of the Estate of Bright McCausland,
Respondent

Appeal from the Circuit Court of Mason County
The Honorable Thomas C. Evans, III, Judge
Civil Action No. 09-C-209H

AFFIRMED

Submitted: September 4, 2013
Filed: September 12, 2013

John F. Allevato, Esq.
David R. Croft, Esq.
Spilman Thomas & Battle, PLLC
Charleston, West Virginia

Daniel J. Konrad, Esq.
Audy M. Perry, Jr, Esq.
Anna M. Price, Esq.
Huddleston Bolen LLP
Huntington, West Virginia
Attorneys for the Respondent

R. Michael Shaw, Sr.
Shaw & Tatterson, L.C.
Point Pleasant, West Virginia
Attorneys for the Petitioners

The Opinion of the Court was delivered PER CURIAM.

CHIEF JUSTICE BENJAMINdisqualified.

JUDGE WILFONG, sitting by temporary assignment.

SYLLABUS BY THE COURT

1. "Appellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo." Syl. Pt. 1, *Copley v. Mingo Cnty. Bd. of Educ.*, 195 W. Va. 480, 466 S.E.2d 139 (1995).

2. "'Testamentary intent and a written instrument, executed in the manner provided by [W. Va. Code § 41-1-3], existing concurrently, are essential to the creation of a valid will.' Syl. pt. 1, *Black v. Maxwell*, 131 W. Va. 247, 46 S.E.2d 804 (1948)." Syl. Pt. 3, *Stevens v. Casdorph*, 203 W. Va. 450, 508 S.E.2d 610 (1998).

3. "If one having testamentary capacity is unable from any physical cause to write his name to his will, another person may steady his hand and aid him in so doing; and it is not necessary to prove an express request from the testator for such assistance; it may be inferred from the circumstances of the case." Syl. Pt. 17, *McMechen v. McMechen*, 17 W. Va. 683 (1881).

Per Curiam:

In the instant case, this Court is called upon to determine whether a testator's failure to sign his non-holographic will, or to request that it be signed on his behalf, renders the will void under the circumstances of this case or, indeed, under any circumstances. The circuit court concluded that the testator's will was void as a matter of law and granted judgment on the pleadings for the will's opponent. Upon careful review of the parties' briefs and arguments, the appendix record, and the applicable law, we affirm the judgment of the circuit court.

## I.    FACTUAL AND PROCEDURAL HISTORY

The testator, Bright McCausland, was a resident of Mason County, West Virginia. On October 28, 2009, he executed a "Last Will and Testament" naming Robert D. Fluharty, defendant, respondent herein, as executor of his estate. The will (hereinafter "the original will") provided that after payment of debts, funeral expenses, taxes, and administration expenses, the executor, "in his absolute discretion," was to distribute Mr. McCausland's tangible personal property among his friends, neighbors, and the West Virginia State Museum. Mr. McCausland bequeathed the residue of the estate to the Bright McCausland Trust, established November 13, 2002, to "be administered and disposed of in accordance with the terms of said instrument of trust as such exists at the time of my death."

1

Approximately six months later, Mr. McCausland's health was failing; he was physically incapacitated and living in a nursing care facility. It is alleged by the petitioners that on April 10th and 11th, 2010, Mr. McCausland dictated the terms of a new will (hereinafter "the second will") to his nephew, Douglas Brown, one of the petitioners.[1] Mr. Brown reduced the dictation to a typewritten document entitled "Bright McCausland - Last Will." Mr. McCausland did not sign or mark the typewritten will, and no one signed or marked it on his behalf. However, two individuals who were Mr. McCausland's health care providers in the nursing home signed the will and subsequently attempted to attest the document by signing affidavits averring that they "did witness [Mr. McCausland] stating that the new last will and testament contained his final desires."[2]

---

[1]Although the document entitled "Bright McCausland - Last Will" contains a number of bequests, including bequests to all of the petitioners in this case, the primary beneficiary was Mr. Brown. The document also contains a number of instructions to Mr. Brown with respect to upkeep of the real property; the establishment of a scholarship and a needy children's fund; payment of tuition for "Kayla and Heather" (on the condition that they maintain a 3.0 average in a nursing program at a local college); and donations to the Johns Hopkins Eye Institute and the Mason County Farm Museum in Mr. McCausland's name. Interestingly, notwithstanding the specific instructions given to Mr. Brown, the will specifically names Mr. Fluharty as executor, with the proviso that he "not charge for acting as the executor of the estate but [he] can charge for his help in setting up the trust accounts and other legal work required."

[2]The affidavits were signed by the witnesses, Kristy Robinson and Ryann Greer, on December 6, 2010, and December 14, 2010, respectively, more than seven months after Mr. McCausland's death and more than six months after the original will had been admitted to probate. Contrary to the assertions of the petitioners, the affidavits are ambiguous and raise more questions than they answer. *See* text *infra*.

Bright McCausland died on April 22, 2010. On May 20, 2010, the original will was probated and recorded in Will Book 37, Page 111 in Mason County, West Virginia. Almost fifteen months later, on July 14, 2011, the petitioners filed a civil action seeking to have the original will revoked and the second will admitted to probate, on the ground that the second will expressly "revoke[d] all former wills previously made by me." Both the original will and the second will were appended as exhibits to the complaint, together with the affidavits of Ms. Robinson and Ms. Greer. The respondent filed an answer and a motion for judgment on the pleadings, on the sole ground that

> [w]hile there appears to be two signatures of persons other than the Decedent, both signing affidavits purporting to "witness" the execution of this document, but there is no signature of the Decedent. No signature, initials, handwriting of the Decedent, or evidence of someone signing on behalf of the Decedent appears anywhere on the document. Without this signature, the document does not meet the elements of a valid will in West Virginia.

On February 9, 2012, following briefing and a hearing, the circuit court entered an order granting the respondent's motion.[3] The court concluded "that the Decedent did not sign his name anywhere on the second document, and therefore, there being no signature, under W. Va. Code § 41-1-3, the second document is not a valid will." This appeal followed.

---

[3]The petitioners never sought to introduce any evidence into the record in the form of testimony, affidavits, or exhibits. Thus, the factual record before the circuit court, and before this Court on appeal, consists solely of the allegations set forth in the complaint and the two wills that were attached thereto (the second with the witnesses' affidavits appended).

3

## II. STANDARD OF REVIEW

"Appellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo." Syl. Pt. 1, *Copley v. Mingo County Bd. of Educ.*, 195 W. Va. 480, 466 S.E.2d 139 (1995).

Inasmuch as this case was decided on a motion for judgment on the pleadings, West Virginia Rule of Civil Procedure 12(c), we construe the complaint in a light most favorable to the plaintiffs, petitioners herein, and take the factual allegations contained in the complaint as true. *Cf. Riffle v. C. J. Hughes Const. Co.*, 226 W. Va. 581, 586-87, 703 S.E.2d 552, 557-58 (2010); *Fucillo v. Kerner ex rel. J.B.*, __ W. Va. __, 744 S.E.2d 305, 309 (2013).

## III. DISCUSSION

In West Virginia, the procedural requirements for execution of a valid will are set forth in West Virginia Code § 41-1-3 (2010), which provides:

> No will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature; and moreover, unless it be wholly in the handwriting of the testator, the signature shall be made or the will acknowledged by him in the presence of at least two competent witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator, and of each other, but no form of attestation shall be necessary.

The statute was "enacted to protect and sanctify the execution of a will to prevent substitution

4

or fraud[.]" *Stevens v. Casdorph*, 203 W. Va. 450, 455, 508 S.E.2d 610, 615 (1998) (Workman, J., dissenting).

Our precedents make clear that both "'[t]estamentary intent and a written instrument, executed in the manner provided by [W. Va. Code § 41-1-3], existing concurrently, are essential to the creation of a valid will.' Syl. pt. 1, *Black v. Maxwell*, 131 W. Va. 247, 46 S.E.2d 804 (1948)." Syl. Pt. 3, *Stevens,* 203 W. Va. at 451, 508 S.E.2d at 611. For more than one hundred years, however, we have held that an otherwise valid will that substantially complies with the statutory requirements may be upheld where justice so requires. For example, in syllabus point 17 of *McMechen v. McMechen*, 17 W. Va. 683 (1881), this Court held that

> [i]f one having testamentary capacity is unable from any physical cause to write his name to his will, another person may steady his hand and aid him in so doing; and it is not necessary to prove an express request from the testator for such assistance; it may be inferred from the circumstances of the case.

We further explained that "the only requirement of the statute is that the writing be signed by the testator 'in such manner as to make it manifest that the name is intended as a signature.'" *In re Estate of Briggs*, 148 W. Va. 294, 299, 134 S.E.2d 737, 741 (1964) (internal citations omitted). Thus,

> 'A testator may sign his name by writing it out in full, or by abbreviating it, or by writing his initials only, and the first name of the testator may be by itself a sufficient signature to a will.' 94 C.J.S., Wills, Section 171, pages 971-972. A mark intended

5

> as a signature may be sufficient. *Montgomery v. Montgomery*,
> 147 W. Va. 449, 128 S.E.2d 480.

148 W. Va. at 299, 134 S.E.2d at 741.

In *Clark v. Studenwalt*, 187 W. Va. 368, 419 S.E.2d 308 (1992), where the testator's holographic will contained his name in the exordium of the document,[4] although not at the bottom of it, we noted that "[West Virginia Code § 41-1-3] does not address where the testator's signature must appear on the document." 187 W. Va. at 370, 419 S.E.2d at 310. Because the testator in *Clark* had secured two attesting witnesses, a formality not required to execute a holographic will, we found it to be "clear that Walter Clark, as appellants contend, viewed his placement of his signature in the exordium as sufficient to constitute an indication that he intended the document as his last will and testament." 187 W. Va. at 371, 419 S.E.2d at 311; *see also Charleston Nat. Bank v. Thru the Bible Radio Network*, 203 W. Va. 345, 349 n. 7, 507 S.E.2d 708, 712 n. 7 (1998).

Our precedents, read together, demonstrate that although this Court has adopted a rule of substantial compliance with respect to the statutory requirement that a will be "signed by the testator, or by some other person in his presence and by his direction, in such manner as

---

[4]The exordium is "[a]n introduction in a discourse or writing, esp. in a will. In a will, the exordium usu. contains statements of the testator's name and capacity to make the will." Black's Law Dictionary 657 (9th ed. 2009).

to make it manifest that the name is intended as a signature for execution of a will[,]" we have never upheld the validity of a will that contains no signature of any kind.[5] *See Clark*, 187 W. Va. at 370, 419 S.E.2d at 310 ("The importance of a signature on a will is its indication of final testamentary intent."); *Briggs*, 148 W. Va. at 299, 134 S.E.2d at 741 ("The fundamental rule that testamentary intent is essential to the validity of a will applies to holographic wills."). Here, Mr. McCausland could have signed the second will; he could have signed his first name only, or his initials; he could have made his mark; he could have had someone guide his hand if he was physically incapable of putting pen to paper; or he could have directed someone to sign in his stead. He did none of these things,[6] with the result that the second will is simply a typewritten document with no indication of testamentary intent.

Additionally, although not necessary to the Court's resolution of this case, we note that the statutory requirement that two witnesses subscribe and attest the will, in the presence

---

[5]As noted, we have held that the testator's name written in the exordium of a holographic will – a name which is, by definition, written in the testator's own hand – is a sufficient signature under West Virginia Code § 41-1-3.

[6]At oral argument, the petitioners' counsel urged this Court to remand for evidentiary development of the record, suggesting the possibility of testimony that Mr. McCausland directed or authorized someone to sign his name. The problem, of course, is that no one did so, making such line of inquiry immaterial, even if it were otherwise admissible. *See Clark*, 187 W. Va. at 371, 419 S.E.2d at 311 (affidavits of attesting witnesses not admissible to prove testamentary intent); *Hedrick v. Hedrick*, 125 W. Va. 702, 706-07, 25 S.E.2d 872, 875 (1943) (parol evidence as to testator's declarations of intention not admissible to control the construction of a will).

of the testator and in the presence of each other, is not met in this case. Although the signatures of two witnesses appear on the face of the will, nothing in the record indicates that they signed the document either in the presence of Mr. McCausland or in the presence of each other. *See Brammer v. Taylor*, 175 W. Va. 728, 730 n. 1, 338 S.E.2d 207, 215 n. 1 (1985) ("the witnesses' acknowledgement of their signatures . . . in the presence of the testator (and, in West Virginia, in the presence of each other) is tantamount to and will be deemed a 'signing' or 'subscribing' in the presence of those persons."); *Stevens*, 203 W. Va. at 453, 508 S.E.2d at 613 ("In this case, none of the parties signed or acknowledged their signatures in the presence of each other.").[7] Further, as noted earlier, the witnesses clearly did not witness the affixing of a signature to the will, either by Mr. McCausland or by someone at his direction, because there was no signature on the document.

This Court cannot find substantial compliance with the statutory requirement that a will be signed "by the testator, or by some other person in his presence and by his direction," West Virginia Code § 41-1-3, in a situation where there was no compliance whatsoever. To hold otherwise would require us not to construe the statute but to disregard it; this we cannot do, as "[t]he right to dispose of property by will is generally regarded as a statutory right, and,

---

[7]The attestation clause in the second will reads, in its entirety: "Witness to the previous as dictated by Bright McCausland on the following dates – 10 & 11 April 2010." Further, the after-the-fact affidavits of Ms. Robinson and Ms. Greer state that the dates on which they saw Mr. McCausland "execute" his last will were December 6, 2010, and December 14, 2010, respectively – more than seven months after Mr. McCausland's death.

within constitutional limitations, it is subject to the complete control of the Legislature." *Black*, 131 W. Va. at 254-55, 46 S.E.2d at 808 (internal citation omitted). Accordingly, we affirm the judgment of the circuit court that Mr. McCausland's unsigned second will was void.

## IV. CONCLUSION

The judgment of the Circuit Court of Mason County, West Virginia, is affirmed.

Affirmed.