# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brenda S. Dotson, Plaintiff Below, Petitioner**

**vs) No. 15-0296** (Kanawha County 14-C-2012)

**Chesley Cottrell Hamilton and Kathy Cottrell,**
**Defendants Below, Respondents**

**FILED**

December 7, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Brenda S. Dotson, *pro se*, appeals the January 29, 2015, order of the Circuit Court of Kanawha County dismissing her civil action against respondents, in which petitioner sought repayment of an alleged debt. Respondent Chesley Cottrell Hamilton, *pro se*, and Respondent Kathy Cottrell, *pro se*, each filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and this case is remanded with directions that the circuit court address petitioner's claim that she is entitled to repayment of the loan to Respondent Hamilton in the amount of $5,500.

According to the parties' pleadings, Respondent Cottrell and Respondent Hamilton are mother and daughter. In 2003, Respondent Hamilton purchased a mobile home. Because Respondent Hamilton was only eighteen years old at the time, both Respondent Hamilton and her mother, Respondent Cottrell, were listed as the mobile home's owners.

From 2009 to 2014, Respondent Hamilton was married to petitioner's son. At the time of the marriage, Respondent Hamilton rented property from her grandparents, to which the mobile home could be moved. According to petitioner, Respondent Hamilton borrowed $5,500 from her to pay for the cost of moving the home to her grandparents' property. Respondent Hamilton countered that it was petitioner's son (Respondent Hamilton's former husband), who asked to be loaned $5,500 with the promise that it would be repaid. In their pleadings, no party alleged that the mobile home constituted marital property or that the alleged loan was a joint debt belonging to

1

both Respondent Hamilton and petitioner's son.

On November 12, 2014, petitioner filed a complaint against Respondent Hamilton and Respondent Cottrell in the Circuit Court of Kanawha County seeking repayment of the $5,500 expended in moving the mobile home. Respondent Hamilton and Respondent Cottrell each filed an answer on December 5, 2015. On January 29, 2015, the circuit court dismissed petitioner's civil action, finding that adjudication of her claim belonged to the Family Court of Kanawha County because it was unclear as to whether the mobile home constituted marital property and whether the alleged loan was a joint debt of both Respondent Hamilton and petitioner's son.

As part of its dismissal order, the circuit court remanded the case to the family court with directions for that court to make a determination as to whether it had jurisdiction over petitioner's claim. In an order entered on February 5, 2015, that petitioner does not appeal, the family court determined that it did not have jurisdiction over her claim and dismissed her case without prejudice.

Petitioner now appeals the circuit court's January 29, 2015, dismissal of her civil action. As Petitioner's complaint was not dismissed until after Respondent Hamilton and Respondent Cottrell filed their answers, we construe the dismissal as a judgment on the pleadings. "Appellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo." Syl. Pt. 1, *Brown v. Fluharty*, 231 W.Va. 613, 748 S.E.2d 809, 810 (2013) (internal quotations and citations omitted). Furthermore, the factual allegations contained in petitioner's complaint are taken as true. *Id.* at 615, 748 S.E.2d at 811. Petitioner asserts that the circuit court erred in dismissing her action because the mobile home was not the marital property of Respondent Hamilton and petitioner's son. Addressing the merits of petitioner's claim, respondents assert that the dismissal order in their favor should be affirmed because the debt owed to petitioner belongs to her son.

First, we affirm the dismissal order as to Respondent Cottrell, but not on the ground relied upon by the circuit court. We are "not wed . . . to the lower court's rationale, but may rule on any alternate ground manifest in the record." *Conrad v. ARA Szabo*, 198 W.Va. 362, 369, 480 S.E.2d 801, 808 (1996). It is manifest from the parties' pleadings, including petitioner's complaint, that petitioner sued Respondent Cottrell only as the co-owner of the mobile home and that petitioner wants to be repaid the $5,500 she allegedly loaned to Respondent Hamilton to move the home to Respondent Hamilton's grandparents' property in 2009. Petitioner does not dispute that she contributed no funds toward the mobile home's purchase in 2003; therefore, petitioner has no claim against Respondent Cottrell. We uphold the dismissal of Respondent Cottrell on that ground.

Second, we find error in the dismissal of Respondent Hamilton. The circuit court determined that the claim's adjudication belonged to the family court because Respondent Hamilton and petitioner's son were married from 2009 to 2014. *See* W.Va. Code § 51-2A-2(a)(15) (family court has jurisdiction over all proceedings with regard to equitable distribution of property in divorce). However, West Virginia Code § 51-2A-2(e) provides that the family court is a court of limited jurisdiction and "a court of record *only* for the purpose of exercising jurisdiction in the matters for which the jurisdiction of the family court is specifically authorized[.]" (emphasis added) The circuit court is West Virginia's court of general jurisdiction having the authority to

adjudicate "all matters at law where the amount in controversy, excluding interest, exceeds two thousand five hundred dollars." W.Va. Code § 51-2-2(b); *see* W.Va. Const. art. 8, § 6.

The circuit court found that it was unclear as to whether the mobile home constituted marital property of Respondent Hamilton and petitioner's son and whether the alleged loan was a joint debt of both Respondent Hamilton and petitioner's son. However, the circuit court's finding is contrary to the pleadings in that no party alleged that the mobile home was marital property or that the alleged loan was a marital debt. Also, in a subsequent order entered by the family court, that court determined that it did not have jurisdiction over petitioner's claim and dismissed her case without prejudice. Therefore, we reverse the dismissal order as to Respondent Hamilton and remand the case to the circuit court for further proceedings consistent with this memorandum decision.

For the foregoing reasons, we (1) affirm the circuit court's January 29, 2015, order with regard to the dismissal of Respondent Cottrell; (2) reverse the circuit court's order with regard to the dismissal of Respondent Hamilton; and (3) remand the case with directions that the circuit court address petitioner's claim that she is entitled to repayment of the loan to Respondent Hamilton in the amount of $5,500.

Affirmed, in part, Reversed, in part, and
Remanded with Directions.

**ISSUED**: December 7, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II