# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rodger Dale Mitchell,**
**Plaintiff Below, Petitioner**

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 15-1183** (Roane County 15-P-10)

**Teresa A. Worrell,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rodger Dale Mitchell, pro se, appeals the order of the Circuit Court of Roane County, entered November 4, 2015, dismissing his civil action seeking full ownership of real property he holds, as a tenant in common, with Respondent Teresa A. Worrell. Respondent, pro se, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent are brother and sister, each of whom own a one-half undivided interest in two parcels of real property situated in Roane County, West Virginia.[1] The larger parcel is thirty acres, and the smaller parcel is ten acres. In 2014, petitioner paid the property taxes for the thirty-acre parcel in the amount of $239. Thereafter, petitioner filed a civil action alleging that respondent had to give him her one-half undivided interest in that parcel because she failed to pay him her half of the 2014 property taxes, or $119.50. Respondent was served with petitioner's

---

[1]Petitioner is an inmate in the custody of the West Virginia Division of Corrections, and respondent served as the administratrix of the parties' mother's estate. On appeal, petitioner claims that the parties' mother wanted him to solely inherit the two parcels. We decline to address any issue involving the parties' mother's estate because petitioner did not raise the matter before the circuit court. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance").

1

complaint on October 5, 2015, and filed an answer thereto on October 14, 2015.[2] Upon review of the parties' pleadings and the applicable statute, West Virginia Code § 11A-1-9, the circuit court dismissed petitioner's civil action on the ground that "there is no legal basis on which to award [petitioner] the relief sought[.]"

Petitioner now appeals the circuit court's November 4, 2016, order dismissing his civil action. Given that the circuit court considered both petitioner's complaint and respondent's answer, the dismissal constitutes a judgment on the pleadings, which we review de novo. *See* Syl. Pt. 1, *Brown v. Fluharty*, 231 W.Va. 613, 748 S.E.2d 809 (2013). West Virginia Code § 11A-1-9 provides, in pertinent part, that (1) any person having an undivided interest in a parcel of real property may pay the whole amount of the taxes on the parcel; (2) the person paying the taxes has a lien subrogated to the lien of the State; (3) to preserve their lien for more than thirty days after payment, the person paying the taxes must file a claim with the clerk of the county commission "in writing" and "together with the tax receipt or a duplicate thereof"; and (4) the person paying the taxes may enforce their lien as any other judgment lien.

On appeal, petitioner contends that he is entitled to respondent's one-half undivided interest in the thirty-acre parcel because she failed to pay him $119.50 representing respondent's half of the 2014 property taxes.[3] Respondent counters that petitioner's claim has no merit. We agree with respondent.

We extend our analysis no further than the requirement under West Virginia Code § 11A-1-9 that a claim must be filed "in writing" and "together with the tax receipt or a duplicate thereof." Petitioner alleges that he paid the whole amount of the taxes on the thirty-acre parcel and then demanded that respondent pay him her half thereof.[4] Petitioner does *not* allege that he filed his claim with the clerk of the county commission in writing and with a copy of the tax receipt. Therefore, given that any lien petitioner had against respondent's interest expired thirty days after his payment of the 2014 taxes on the thirty-acre parcel, we conclude that the circuit court did not err in dismissing petitioner's civil action claiming respondent's one-half undivided interest in that parcel.

For the foregoing reasons, we affirm.

---

[2]On appeal, petitioner alleges that he was entitled to a default judgment because no answer was filed. However, the record plainly contradicts that allegation.

[3]Petitioner further contends that the Honorable David W. Nibert had a conflict of interest that disqualified him from presiding in this case. Upon review of the record, we find that petitioner never filed a motion for Judge Nibert's disqualification pursuant to West Virginia Trial Court Rule 17.01, which sets forth the procedure to be utilized for such motions. Therefore, given that petitioner failed to file the appropriate motion, we decline to address this issue.

[4]The factual allegations contained in petitioner's complaint are taken as true. *See Brown v. Fluharty*, 231 W.Va. 613, 615, 748 S.E.2d 809, 811 (2013).

Affirmed.

**ISSUED:** November 18, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II