IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**NELSON STEVE MARTENEY,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-59**  (Cir. Ct. Barbour Cnty. Case No. CC-01-2023-C-44)

**AGNES NUZUM MURPHY,**
**Administratrix of the Estate of**
**Ervin Severn McVicker,**
**Defendant Below, Respondent**

**FILED**
**September 30, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nelson Steve Marteney appeals the Circuit Court of Barbour County's January 22, 2025, order granting summary judgment to Respondent Agnes Nuzum Murphy, Administratrix of the Estate of Ervin Severn McVicker ("Administratrix"). In that order, the circuit court held that the purported Will of Ervin Severn McVicker that Mr. Marteney sought to establish did not comply with the requirements of West Virginia Code § 41-1-3 (1882). The Administratrix filed a response.[1] Mr. Marteney filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The decedent in this matter, Ervin Severn McVicker, was born August 29, 1932, and died on December 5, 2021. During his lifetime, Mr. McVicker did not marry and did not father any children.

On September 12, 2023, Mr. Marteney filed his complaint in the Circuit Court of Barbour County against the Administratrix. The complaint alleges that on November 24, 2021, Ervin McVicker executed a document titled "Last Will and Testament of Ervin Severn McVicker" prepared by Mr. Marteney. The purported Will names Mr. Marteney the sole beneficiary of Mr. McVicker's estate, though the complaint does not state what relationship, if any, Mr. Marteney had with Mr. McVicker. The complaint alleges that the purported Will was delivered to the Clerk of the County Commission of Barbour County,

---

[1] Mr. Marteney is represented by David W. Frame, Esq. The Administratrix is represented by Hunter B. Mullens, Esq., and C. Brian Matko, Esq.

but the administration of the estate proceeded as if Mr. McVicker died intestate. The complaint sought to have the purported Will established as valid.[2]

Mr. Marteney attached the purported Will to the complaint. It is handwritten on one page of notebook paper. The purported Will begins by listing the decedent's name, address, and date of birth. It then states as follows:

> I, Irvin Severn McVicker being of sound mind and disposing memory, declare this to be my Last Will and Testament 11/24/21. I give Nelson Steve Marteney all my possessions, All my Land, all my Oil and my Gas and my Coal, All my Money, All my Automobiles, All my Tractors, All my 401's or IRA's Etc. All my money Barbour Co. Bank, Freedom Bank, and People's Bank, or Etc. I will see you people in Heaven, JESUS is my LORD & SAVIOR!! Amen.
>
> All for
> Nelson Steve Marteney, 9590 Audra Park Rd, Buckhannon, WV 26201-54

The purported Will then has the signature of the decedent, the signature of two purported witnesses, and the signature of the notary public who notarized the purported Will. However, Mr. Marteney would later concede that the two purported witnesses and the decedent did not actually witness each other signing the purported Will.

On September 25, 2023, the Administratrix filed her answer to the complaint as well as a motion for judgment on the pleadings. In the motion for judgment on the pleadings, the Administratrix argued that the purported Will is void and unenforceable. Mr. Marteney responded to the motion and argued that the purported Will was indeed valid. There is also an affidavit in the record from the notary public who signed the purported Will that states that the decedent signed his name to the purported Will in the presence of the notary and Mr. Marteney, and the decedent was of sound mind when this occurred.

---

[2] It is undisputed that county commissions have subject-matter jurisdiction to hear probate matters. *See* W. Va. Code § 7-1-3 (2024). While West Virginia Code § 41-5-11 (1994) allows for a suit to impeach or establish a will in circuit court, it must be done after a judgment or order is entered in a proceeding for probate and must be filed by one who was not a party to such prior proceedings. *See also* W. Va. Code § 41-5-12 (1993) (allowing a suit by a person who was under disability or was a nonresident at the time of the judgment or order.) Here, the Court notes that it is unclear from the record in this matter what proceedings happened before the County Commission or whether a judgment or order was ever rendered. Given the lack of clarity about the procedural history, the failure of the parties to brief the issue or even raise it, and the ease with which we dispose of the merits of Mr. Marteney's appeal, the Court declines to address whether the circuit court properly exercised jurisdiction of this matter.

On November 6, 2023, the circuit court held a hearing on the motion for judgment on the pleadings. At the hearing, the parties discussed whether the motion should be converted to a motion for summary judgment due to the reference to the purported Will. The circuit court entered an order following the hearing to allow for additional briefing by the parties.

Following the additional briefing, the circuit court entered the order on appeal. In that order, the circuit court found:

> Nelson Steve Marteney testified at a hearing by the Court in a companion case, 22-P-21. The Court finds his testimony in the companion case was disjointed, unreliable and unbelievable with his recollections of events being beyond belief and full of fantasy. Plaintiff proffered stories of Eskimo-like suits and/or a large stuffed animal with polar bear fur being left in the residence and then mysteriously disappearing; he further added that needles full of poison had been embedded in couch cushions, all of which to suggest a wrongful death of Ervin Severn McVicker and none of which was accompanied by any type of actual evidence. In said companion case, this Court inquired of the State, also present at the same hearing, as to any known or suspected wrongdoing in the death of Ervin Severn McVicker, and none was offered. This Court even ordered a written investigation into the circumstances of the death of Ervin Severn McVicker, which was completed by the West Virginia State Police, and resulted in no finding of any wrongdoing in Mr. McVicker's death and further offered no support to any of the outlandish allegations of the Plaintiff, Nelson Steve Marteney.

The circuit court went on to conclude that the Administratrix's motion for judgment on the pleadings should be converted to a motion for summary judgment. In regard to the validity of the Will, the circuit court concluded that Mr. Marteney conceded that the two witnesses to the purported Will, who happened to be Mr. Marteney's mother and sister, were not present when Mr. McVicker signed the purported Will. Further, the printed language in the purported Will that states, "All for Nelson Steve Marteney, 9590 Audra Park Road, Buckhannon, WV 26201-54" is not a subscription or signature as contemplated and required by West Virginia Code § 41-1-3, but is a general bequest, and plainly appears to be a bequest by (1) its language; (2) its printed nature; and (3) its placement in the body of the Will. Additionally, there was no evidence that the printed name was ever intended to be the signature of an attesting witness. The circuit court concluded that there are no genuine issues of material fact with regard to whether the purported Will at issue complies with the requirements of West Virginia Code § 41-1-3. As such, the purported Will was invalid under West Virginia law. The circuit court ultimately granted summary judgment in favor of the Administratrix and dismissed Mr. Marteney's complaint with prejudice.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).[3] In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2). With these standards in mind, we turn to the sole assignment of error.

On appeal, Mr. Marteney asserts that the circuit court erred by granting judgment to the Administratrix on the basis that the purported Will does not comply with the requirements of West Virginia Code § 41-1-3. We disagree. West Virginia Code § 41-1-3 provides:

> No will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature; and moreover, unless it be wholly in the handwriting of the testator, the signature shall be made or the will acknowledged by him in the presence of at least two competent witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator, and of each other, but no form of attestation shall be necessary.

Here, it is undisputed that the purported Will is not wholly in the handwriting of the decedent. Therefore, his signature must have been made or the purported Will acknowledged by him in the presence of at least two competent witnesses present at the same time, and the witnesses must have subscribed the purported Will in his presence and the presence of each other. Mr. Marteney has conceded that the two witnesses listed on the purported Will signed the document without seeing the decedent sign or acknowledge the purported Will. Rather, Mr. Marteney contends that the purported Will is valid due to the signature of the notary public and the inclusion of Mr. Marteney's name in the body of the purported Will. However, as the circuit court concluded, it is clear that Mr. Marteney's name in the body of the purported Will is not a subscription or signature as contemplated and required by West Virginia Code § 41-1-3, but is a general bequest due to its language, its printed nature, and its placement in the body of the purported Will. Moreover, because we agree with the circuit court's conclusion that there is no evidence that this name in the bequest was a subscription or signature of a witness, we reject Mr. Marteney's argument that the will substantially complies with the requirements of West Virginia Code § 41-1-3. *Cf. Brown v. Fluharty*, 231 W. Va. 613, 617, 748 S.E.2d 809, 813 (2013) (rejecting

---

[3] Neither party asserts that it was error for the circuit court to convert the Administratrix's motion for judgment on the pleadings into a motion for summary judgment.

application of "substantial compliance" principle where testator did not sign will at all). Accordingly, the circuit court did not err by granting summary judgment in favor of the Administratrix as the purported Will does not comply with the requirements of West Virginia Code § 41-1-3.

For the foregoing reasons, the circuit court's January 22, 2025, order is affirmed.

Affirmed.

**ISSUED:** September 30, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White